IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK WAYNE JACKSON,** | : | |
| Plaintiff | : | CIVIL NO. 1:CV-08-1297 |
| v. | : | (Judge Rambo) |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| Defendants | : | |

## MEMORANDUM

**I.   Introduction**

Plaintiff Derek Wayne Jackson, an inmate confined at the Waymart State Correctional Institution ("SCI-Waymart") in Waymart, Pennsylvania, commenced this *pro se* action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has requested leave to proceed *in forma pauperis*, and thus the case is before the court for screening pursuant to 28 U.S.C. § 1915.

For the reasons set forth below, the court concludes that the complaint fails to comply with the Federal Rules of Civil Procedure. The complaint will be dismissed without prejudice, and Plaintiff will be afforded the opportunity to submit an amended complaint that complies with the Federal Rules. Failure to do so will result in the closure of this case.

## II. **Discussion**

The court is required to review the complaint of a plaintiff seeking to proceed *in forma pauperis* prior to service of process. 28 U.S.C. § 1915(e). *Pro se* parties are accorded substantial deference in federal court, and their pleadings are construed liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). *See also Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Although there is no heightened pleading standard in § 1983 cases,[1] a § 1983 complaint must bear some relation to the rules. In the instant case, Jackson's complaint fails to comply with Federal Rules of Civil Procedure 8 and 10 and fails to name a proper defendant.

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought by the pleader. *See* Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

---

[1] *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993). The United States Supreme Court rejected a heightened pleading standard, noting that a §1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id.* at 167. *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions . . . .")

Jackson's complaint fails to state any facts.  His "Statement of Claim" consists of a list of various terms for criminal offenses and torts.  (*See* Doc. 1 at 2.)  Because Jackson has failed to allege any facts to support his claims, it is impossible to ascertain whether he has a claim upon which relief may be granted.

Furthermore, Jackson has not named a proper defendant.  The only defendant he has specified by name is The Commonwealth of Pennsylvania, which is not a person within the meaning of § 1983.  *See Phippen v. Nish*, 223 Fed. Appx. 191, 192 (3d Cir. 2007) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).  Moreover, "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."  *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)).

In addition, Jackson has indicated that there will be a "continuous list" of additional defendants that will vary. (*See* Doc. 1 at 2.)  This approach is not acceptable.  Jackson is required to include the names of *all* of the parties in the caption of his complaint.  *See* Fed. R. Civ. P. 10(a).  However, Jackson is cautioned that his complaint should be limited with respect to only those defendants and claims that arise out of the same transaction or occurrence or series of transactions or occurrences and that have questions of law or fact common to all defendants and

3

claims.  *See* Fed. R. Civ. P. 20(a); *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

For the foregoing reasons, the complaint is subject to *sua sponte* dismissal by the court.  In the interests of justice to this *pro se* litigant, however, Jackson will be granted twenty (20) days within which to submit an amended complaint.  He is reminded that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  The amended complaint should set forth Jackson's claims in short, concise and plain statements, and in numbered paragraphs.  It should specify each Defendant by name.  Further, it should specify which actions are alleged as to which Defendants, with specificity as to time, and it should specify the relief sought.  If Jackson fails to file an amended complaint adhering to the standards set forth above within twenty (20) days, this case will be closed.

An appropriate order follows.

                                                s/Sylvia H. Rambo
                                                Sylvia H. Rambo
                                                United States District Judge

Dated: September 2, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEREK WAYNE JACKSON,** | : |
| Plaintiff | : CIVIL NO. 1:CV-08-1297 |
| v. | : (Judge Rambo) |
| **COMMONWEALTH OF PENNSYLVANIA,** | : |
| Defendants | : |

## O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's complaint (Doc. 1) is **DISMISSED** for failure to comply with the Federal Rules of Civil Procedure.

2. Within twenty (20) days from the date of this order, Plaintiff may file an amended complaint in accordance with the Federal Rules of Civil Procedure.

3. Failure to submit an amended complaint in accordance with the foregoing memorandum will result in the closure of this case.

    4.    The Clerk of Court is directed to provide Plaintiff with two (2) blank § 1983 complaint forms.


                                               s/Sylvia H. Rambo
                                               Sylvia H. Rambo
                                               United States District Judge

Dated: September 2, 2008.