IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK WAYNE JACKSON,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-08-1297** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Plaintiff Derek Wayne Jackson, an inmate confined at the Waymart State

Correctional Institution ("SCI Waymart") in Waymart, Pennsylvania, commenced this

*pro se* action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

Jackson's complaint (Doc. 1) did not comply with the Federal Rules of Civil

Procedure, and therefore, by order dated September 2, 2008, he was given leave to

file an amended complaint. (*See* Doc. 16.)  As detailed in the memorandum

accompanying the order, the complaint failed to name a proper defendant in that it

named only the Commonwealth of Pennsylvania as a Defendant. (*See id.* at 3.)  It

also failed to state any facts, but instead listed various categories of claims, and thus it

was impossible to ascertain whether Plaintiff has a claim upon which relief may be

granted.  (*See id.*)

On September 8, 2008, Jackson filed an amended complaint (Doc. 17).  Plaintiff

still has failed to name a proper defendant.  The amended complaint names the

following Defendants: the Department of Corrections, SCI Camp Hill, SCI Retreat,

SCI Waymart, and the entire staff of all of these facilities.  A prison or correctional

facility is not a person within the meaning of § 1983.  *See Phippen v. Nish*, 223 Fed.

Appx. 191, 192 (3d Cir. 2007) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir.

1973)).  Moreover, Plaintiff cannot simply state that he seeks to pursue claims against

the entire staff of each facility where he has been incarcerated.  He must identify each

defendant individually.

The amended complaint also fails to state any facts.  Plaintiff indicates that once

someone questions him about his complaints, he can "get things moving" on his civil

lawsuit.  (*See* Doc. 17 at 3.)  However, Plaintiff must state facts to support his claims

in his amended complaint if this action is to go forward.

In the interests of justice to this *pro se* litigant, *see Haines v. Kerner*, 404 U.S.

519, 520-21 (1972), Plaintiff will be granted twenty (20) days within which to file a

second amended complaint that complies with the Federal Rules of Civil Procedure.

Jackson is reminded that the amended complaint must be complete in all respects.

It must be a new pleading which stands by itself without reference to the complaints

already filed.  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).    It

should specify each defendant by name.  The amended complaint should set forth

Jackson's claims *and supporting facts* in short, concise and plain statements, and in

2

numbered paragraphs.  It should describe how each defendant is involved with specificity as to time, and it should specify the relief sought.  Jackson also is reminded that his amended complaint should be limited with respect to only those defendants and claims that arise out of the **same** transaction or occurrence or series of transactions or occurrences and that have questions of law or fact common to all defendants and claims.  *See* FED. R. CIV. P. 20(a).

If Jackson fails to file an amended complaint within twenty (20) days that adheres to the standards set forth above, this action will be dismissed.

**IT IS THEREFORE ORDERED THAT:**

1.    Within twenty (20) days from the date of this order, Plaintiff may file a second amended complaint in accordance with the Federal Rules of Civil Procedure.

2.    Failure to submit an amended complaint in accordance with the foregoing memorandum will result in the dismissal of this action.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated:  September 11, 2008.

3